IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50536
Summary Calendar
_____

RICARDO RENTERIA-PRADO,

Plaintiff-Appellant,

versus

KENNETH L. PASQUARELL, as District Director
of the San Antonio District of Immigration and
Naturalization Service; DORIS MEISSNER, INS
Commissioner; THE IMMIGRATION AND
NATURALIZATION SERVICE, as an agency of
the United States; JANET RENO, as the Attorney
General of the United States,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-97-CV-1489)
_____

February 19, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

In this immigration appeal, Ricardo Renteria-Prado ("Renteria") appeals the district

court's dismissal of his action for declaratory and mandamus relief contesting the Attorney

General's interpretation and application of § 241(a)(5) of the Immigration and Nationality Act

("INA"), which authorizes the Attorney General to reinstate a prior order of removal if, after

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

having been removed or having voluntarily departed pursuant to that order, an alien subsequently illegally reenters the United States. *See* Immigration and Nationality Act § 241(a)(5), 8 U.S.C. § 1231(a)(5). Renteria claimed that this provision only authorizes reinstatement of *removal* orders and not *exclusion* orders, and that the INS unlawfully reinstated his prior order of exclusion and removed him from the country without first placing him in formal removal proceedings pursuant to 8 U.S.C. §§ 1229 and 1229a. The district court dismissed the case for lack of subject matter jurisdiction, holding that INA § 242(g), 8 U.S.C. § 1252(g), eliminated the court's jurisdiction to hear Renteria's claims because they arose from a decision to execute a removal order, which the INA defines to include exclusion orders. The district court further held that INA § 241(a)(5) itself prohibited the court from reviewing the reinstated removal order. Because we construe § 242(g) to preclude review of claims arising from a decision or action of the Attorney General to reinstate and execute a prior order of exclusion, we agree that the district court lacked subject matter jurisdiction over Renteria's claims.

The questions presented in this appeal are (1) whether INA § 242(g) eliminates both the district court's and this court's jurisdiction to review claims arising from a decision or action to reinstate and execute a prior exclusion order, and (2) whether Renteria's claims are within the scope of § 242(g). We have jurisdiction to determine whether the district court lacked jurisdiction. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *Ligurotis v. Whyte*, 951 F.2d 818, 819 n.1 (7th Cir. 1992) ("[Courts of appeals] certainly possess jurisdiction to determine whether the district court correctly held it was without jurisdiction."). We review the district court's dismissal for lack of subject matter jurisdiction *de novo*, taking the factual allegations as true. *See EP Operating Ltd. Partnership v. Placid Oil Co.*, 26 F.3d 563, 566 (5th Cir. 1994). We answer both questions in the affirmative and conclude that neither the district court nor this court have jurisdiction over Renteria's claims.

INA § 242(g) was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996), which

2

significantly restructured portions of the INA and became effective on April 1, 1997. The IIRIRA eliminated the prior distinction between "exclusion" and "deportation" and consolidated the two concepts into what is now termed "removal." *See Humphries v. Various Fed. USINS Employees*, __ F.3d __, __, No. 96-10383, slip op. 1652, 1655 n.1 (5th Cir. Jan. 21, 1999). The IIRIRA also limited the scope of judicial review of immigration decisions by enacting new § 242.

The express language of § 242(g) eliminates judicial review of a claim "arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." INA § 242(g), 8 U.S.C. § 1252(g). Renteria argues that based on the plain language of the statute, this provision applies exclusively to orders of *removal* and not to orders of *exclusion* or *deportation*. This contention is without merit. Another provision of the IIRIRA, § 309(d)(2), expressly defines the term "removal order" to include an order of exclusion and deportation. *See* IIRIRA § 309(d)(2), Pub. L. No. 104-208, 110 Stat. 3009-627 (1996) (codified as amended at 8 U.S.C. § 1101 note). Read together, these provisions of the INA indicate that a decision to execute an order of exclusion and deportation is clearly contemplated within the meaning of § 242(g). This construction is consistent with the few decisions in this and other circuits applying § 242(g), none of which have adopted the narrow construction urged by Renteria. *See Humphries*, __ F.3d at __, No. 96-10383, slip op. at 1662 (holding that claim that INS agents conspired to exclude the appellant in retaliation for the exercise of his First Amendment rights arose from the Attorney General's decision to place him in exclusion proceedings); *Auguste v. Reno*, 152 F.3d 1325, 1329 (11th Cir. 1998) (holding that § 242(g) divested district court of jurisdiction to decide habeas petition of alien seeking review of his order of deportation); *Ramallo v. Reno*, 114 F.3d 1210, 1213 (D.C. Cir. 1997) (holding that the district court "indisputably" lacked jurisdiction to review a decision to execute a deportation order; stating that such a claim "falls squarely within the express terms of the newly amended Section 242"), *cert. pending*. We hold that § 242(g) eliminates both the district court's and this court's jurisdiction to review claims arising from a decision or action to execute an order of exclusion and

3

deportation.[1]

Renteria's claims are within the scope of § 242(g). His claims are essentially that § 241(a)(5) does not authorize reinstatement of prior orders of exclusion, that his removal pursuant to that section was unlawful, and that he is entitled to be placed in removal proceedings. Renteria's goal in bringing the instant action is to invalidate the reinstated removal order and to require the INS to place him in removal proceedings so that he can seek relief from the removal order. His claims are "connected directly and immediately with a 'decision or action by the Attorney General to . . . execute removal orders.'" *Humphries*, __ F.3d at __, No. 96-10383, slip op. at 1661.

Renteria's arguments that his claims are not within the scope of § 242(g) hinge on his narrow definition of the term "removal order" and are wholly without merit. Additionally, Renteria cannot assert jurisdiction under §§ 702 and 704 of the Administrative Procedures Act because § 242(g) eliminates our subject matter jurisdiction "notwithstanding *any* other provision of law." INA § 242(g), 8 U.S.C. § 1252(g) (emphasis added). Because Renteria's claims arise from a decision to execute an order of removal, neither the district court nor this court have jurisdiction to review his claims.

AFFIRMED.

---

[1] In so holding, we reject Renteria's contention that § 309(d)(2) only applies to removal, exclusion or deportation orders entered after April 1, 1997. This argument is wholly without merit and is not supported by any authority. Section 309(d)(2) simply clarifies the meaning of the term "order of removal" and does not raise any retroactivity concerns.

4